IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANNON D. CAUSION #267-583
             Plaintiff           :

             v.              :  CIVIL ACTION NO. AMD-09-1216

KATHLEEN GREEN, *et al.*      :
             Defendants

MEMORANDUM

Shannon D. Causion, a state prisoner currently confined at the Eastern Correctional Institution in Westover (ECI), filed a pro se action, as amended,[1] seeking compensatory and punitive damages and "expungement of the unjust sanction imposed by (ECI) Assistant Warden Ronald B. Dryden … pertain[ing] to the indefinite suspension of visitations absent adequate due process." Also at issue is whether ECI mailroom supervisor Captain Christina Tyler is wrongfully interfering with Causion's prison mail. Causion alleges the suspension of visitation and the problems with mail are retaliatory. Defendants Tyler, ECI Warden Kathleen S. Green, and Assistant Warden Ronald B. Dryden have filed a dispositive motion that shall be treated as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Document 15. Causion has filed an opposition response and correspondence (Documents 17 and 18), and the matter is ready for disposition.[2]

Summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[1] Causion's motion to amend the complaint to add the requests for expunction and money damages (Document 11) is granted.

[2] Pursuant to Local Rule 105.6 (D. Md. 2008), the case shall be decided without oral argument.

> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Causion's allegations against employees of ECI have their genesis in an adjustment conviction on October 17, 2008.  On that date Causion, then housed at the Western Correctional Institution in Cumberland (WCI), pled guilty to a rule violation prohibiting use, consumption, or possession of a controlled dangerous substance.[3]  Document 15-5. As a result of his plea,

---

[3] This adjustment conviction is not at issue here.

Causion received 150 days disciplinary segregation and indefinite loss of visitation from October 17, 2008.  *Id*., Document 15-5 and 15-8.  On appeal, WCI Warden Bobby P. Shearin reduced Causion's disciplinary segregation sentence to 60 days, but continued the sanction of indefinite suspension of visitation.  *Id*., Document 15-5 at 1-2 and 8-10, Document 15-7, and Document 15-8.  Shearin's decision was rendered on November 6, 2008, the day on which Causion was transferred to ECI.  *Id*., Document 15-9.  After the transfer, on November 23, 2008, Causion sought further review of the adjustment conviction by filing an appeal to Division of Correction Commissioner John A. Rowley.  Id., Document 15-5 at 19-21.  That appeal, date-stamped by the Commissioner's office on December 29, 2008, contained due process allegations and thus was referred to the Department of Public Safety and Correctional Services' Inmate Affairs Unit.  On January 9, 2009, Inmate Hearings Program Director David Barthlow responded to Causion, noting that Causion had pled guilty to the offense and had a poor adjustment history as defined pursuant to the COMAR[4] regulations.

The delay between the time Causion signed his appeal to the Commissioner and its receipt at Division of Correction (DOC) Headquarters is one of three mail delivery incidents at issue here.  The second incident, highlighted in Causion's Administrative Remedy Procedure (ARP) complaint dated April 20, 2009, concerns legal mail that was returned to him for additional postage, which he could not provide due to a lack of funds in his prison account. Documents 15-10 and 15-15 at 1-4.  That complaint was dismissed on May 2, 2009, on the basis that the postage needed to first be approved by Causion's case manager.  Document 15-15 at 5-10. The third incident involved Causion's ARP complaint dated April 22, 2009, concerning the opening of legal mail he had addressed to the Mayor of St. Louis, Missouri.  Document 17-2 at

---

[4] Specifically, Barthlow referenced Code of Maryland Administrative Regulations 12.02.27.35AIb(iii) and (V).

30.  Causion indicates that he appealed each ARP denial to DOC Headquarters.[5]  Document 17-2 at 30-31.

"Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003).  Although legal mail is "privileged" and is afforded a higher degree of protection, there still must be a showing that prison officials regularly and unjustifiably interfered with the incoming legal mail rather than merely showing an isolated incident. An isolated instance of alleged legal mail tampering does not violate the Constitution.  *See Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997); *Brewer v. Wilkinson,* 3 F.3d 816, 825 (5th Cir. 1993); *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990); *see also Bryant v. Winston*, 750 F.Supp. 733, 734 (E.D. Va. 1990).

Causion's claim fails for at least two reasons. First, although he alleges a pattern or practice of mail tampering on the part of Captain Tyler, a mailroom supervisor, he can point to only two incidents where mailroom personnel erred. In the first instance, his outgoing mail containing an ARP appeal regarding his October 2008 adjustment conviction was clearly delayed due to confusion over whether he was "indigent" and entitled to free postage at the time he submitted the document for mailing.  DOC officials investigated the incident and found that he was in fact entitled to prompt and free posting of the document, and Tyler was required to undergo additional training as a result of the incident.  Documents 15-6 through 15-9.  It appears that mailroom personnel also erred with regard to the opening of an out-of-state elected official's mail. Such isolated incidents, without any clear evidence of improper motive or resulting

---

[5] Corrections officials appeals were filed.  Document 15-16.  For purposes of dispositive motion review, the undersigned accepts Causion's statement that he submitted appeals to Headquarters.

interference with Causion's access to the courts,[6] do not give rise to a constitutional violation. *See Smith,* 899 F.2d at 944.

The third incident appears to be of Causion's own making, inasmuch as he did not obtain permission to obtain additional postage while indigent.  To prove a constitutional claim, Causion must demonstrate that Tyler's action in some manner hindered his efforts to pursue a legal claim, causing him "actual injury." *Lewis v. Casey,* 518 U.S. 343, 348, 350 (1996).  Causion cannot make such a showing.[7]

Causion's due process argument concerning ongoing suspension of his visitation privileges is specious at best. Visitation may be restricted, and regulations that bear a rational relation to legitimate penological interests will be sustained regardless of whether prisoners have a constitutional right of association that has survived incarceration.  *See Overton v. Bazzetta*, 539 U.S. 126, 133-134 (2003). The adjustment conviction that led to the October 2008 indefinite suspension of visitation is well documented as noted herein. Plainly Causion, *who pled guilty*, was afforded due process required under the law.  *See  Wolff v. McDonnell,* 418 U.S. 539 (1974); *see also Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445 (1985). The indefinite suspension continues, based on ECI Intelligence Coordinator Lt. Daniel Barnes's April 22, 2009, recommendation to Assistant Warden Dryden, which stemmed from intercepted correspondence from Causion outlining a plan to have contraband smuggled into ECI.  Documents 15-10 and 15-17.  To the extent that Causion believes regulations have been breached by the ongoing imposition of this sanction, he is free to pursue administrative claims within the DOC and, in

---

[6] As previously noted, the appeal of Causion's adjustment sanctions was accepted, referred to the appropriate investigatory unit, and denied.

[7] To the extent Causion seeks to impose liability on the Warden and/or Assistant Warden based on their "supervisory" power over Tyler, such claim fails.  The law is well established that the doctrine of *respondeat superior* does not apply in Section 1983 claims.  *See Monell v. New York Dept. of Social Services***,** 436 U. S. 658, 691 (1978); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

fact, appears to have initiated such a claim.  Document 17-2 at 34-36.    The matter appears to be pending and thus, review of the issue here is premature.

Defendants' motion for summary judgment shall be granted.  An order follows.


___/s/_____
Andre M. Davis
United States District Judge

Date: 10/7/2009